IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-14-0479 |
| MARK BAZEMORE, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Mark Bazemore's Motion for Compassionate Release (ECF No. 1082) and Motion to Appoint Counsel (ECF No. 1081). The Motions will be denied.

### I.     RELEVANT BACKGROUND

In June 2016, a jury found Bazemore guilty on several counts related to his participation in a racketeering conspiracy. (ECF No. 581.) Bazemore was a high-ranking member of a criminal gang known as the Black Guerilla Family. (ECF No. 937 at 5.) As part of his participation in the racketeering conspiracy, Bazemore ordered the murder of two other members of the gang, retaliated against witnesses, distributed large quantities of heroin, and conspired to use firearms in furtherance of this drug trafficking. (*Id.* at 6; ECF No. 581.) The Court sentenced Bazemore to multiple concurrent sentences of life imprisonment.

### II.     MOTION FOR COMPASSIONATE RELEASE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is

permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."[1]

## A. Extraordinary and Compelling Reasons

In his Motion, Bazemore offers several arguments in favor of the Court finding extraordinary and compelling reasons warranting a reduction in his sentence. The Court concludes that he has not presented extraordinary and compelling reasons.

First, Bazemore argues that he has demonstrated positive rehabilitation. (ECF No. 1082 at 1–2.) He explains that he is a mentor for other inmates, has taken classes, and has worked as a butcher in the prison kitchen. (*Id.* at 2.) While the Court recognizes Bazemore's efforts, "rehabilitation alone cannot constitute an extraordinary and compelling reason for release." *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022). Here, particularly given the relatively short amount of time Bazemore has been incarcerated (relative to the length of his sentence) and the violent nature of his conduct, the Court does not find that Bazemore's rehabilitation presents an extraordinary and compelling reason justifying his release.

Second, Bazemore argues that his sentence is "unusually long . . . considering the nationwide mean sentence for murder." (ECF No. 1082 at 2.) Bazemore points to several cases in this District where judges reduced life sentences to a lesser, albeit substantial, term of imprisonment. (*Id.* at 3–4.) But Bazemore's case differs significantly. He has served only approximately ten years of his life sentence, which is substantially less than other defendants who received sentence reductions. *See, e.g., United States v. Johnson*, No. CR ELH-99-352, 2023 WL 7130950, at *3 (D. Md. Oct. 27, 2023) (Defendant had served approximately 22 years before his

---

[1] As required by 18 U.S.C. § 3582(c)(1)(A), Bazemore exhausted his administrative remedies by first filing an application seeking a sentence reduction with the Bureau of Prisons. Bazemore seems to have filed the exact same application in this Court because the instant Motion is addressed to the Bureau of Prisons, not the Court. However, because Bazemore filed the document with the Court, the Court construes it as a valid motion to reduce his sentence under § 3582.

2

life sentence was reduced); *Brown v. United States*, No. CR ELH-00-0100, 2020 WL 1248950, at *1–2 (D. Md. Mar. 16, 2020) (Defendant had served approximately 19 years before his life sentence was reduced). Additionally, Bazemore's Sentencing Guidelines range remains the same as it was when he was originally sentenced, and no other law—such as the First Step Act—requires a reconsideration of his sentence either. Most importantly, Bazemore's conduct and culpability justify the sentence that was originally imposed. Bazemore was a high-ranking member of an extremely violent gang. He conspired to use firearms in furtherance of heroin trafficking and personally ordered the murders of two men. While a life sentence is a harsh sanction, Bazemore's violent criminal activities warrant it. *See also United States v. Richardson*, No. CR JKB-09-0288, 2025 WL 2173452, at *6 (D. Md. July 31, 2025) (declining to reduce the life sentence of a defendant who was a high-ranking member of a Baltimore gang and who had ordered the murders of multiple people); *United States v. Butler*, No. CR ELH-08-381, 2023 WL 3198124, at *19 (D. Md. May 2, 2023) (declining to reduce a life sentence because a reduction "would not adequately reflect the seriousness of the defendant's crimes nor promote respect for the rule of law").

Finally, Bazemore explains that he wishes to spend time with his son as he grows up and wishes to "mak[e] the memories of a lifetime" with his family. (ECF No. 1082 at 5.) Certainly, the inability to spend time with family is a harsh consequence of imprisonment. But it is a consequence that every incarcerated person experiences. It does not constitute an extraordinary and compelling reason that warrants a sentence reduction. That is especially true for Bazemore, who sought to murder two men and ensure that they could not "mak[e] the memories of a lifetime" with their families.

Overall, the Court finds that none of the three reasons Bazemore provides—whether considered together or in isolation—support a reduction in his sentence under § 3582.

3

### B. § 3553(a) Sentencing Factors

Even had the Court found that extraordinary and compelling reasons exist to warrant release, the Court still would have denied a sentence reduction because the § 3553(a) factors do not justify release. § 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need for deterrence; (5) the need to protect the public; (6) the kinds of sentence and the sentencing range; and (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Based upon these factors, the Court initially imposed a life sentence, which was the Guidelines recommendation. (ECF Nos. 667 at 16; 671 at 3.) The Court's primary rationales for its sentence were the extremely violent nature of the offense, the need to promote both specific and general deterrence, and the need to protect the public. (ECF No. 842 at 37–40.) The Court explained that the "seriousness of the matter utterly and completely speaks for itself." (*Id.* at 39.) The Court further found Bazemore to be "ruthless . . . a cold killer." (*Id.*) The Court adopts this analysis of the § 3553(a) factors and finds it equally applicable today. As the Court explained, there was—and remains today—an "extreme need to protect the public" from Bazemore. (*Id.*)

### III. MOTION TO APPOINT COUNSEL

Bazemore has also filed a Motion to Appoint Counsel. (ECF No. 1081.) There is no right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). However, the Court has discretion to appoint counsel. *See, e.g., United States v. Wylie*, Crim. No.

4

KDB-18-0054, 2021 WL 5406880, at *1 (W.D.N.C. Nov. 18, 2021) ("There is no general constitutional right to appointed counsel in post-conviction proceedings [but the] Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require."). In the instant case, however, given the foregoing discussion, Bazemore has not demonstrated that the interests of justice warrant the appointment of counsel.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Bazemore's Motion for Compassionate Release (ECF No. 1082) is DENIED; and
2. Bazemore's Motion to Appoint Counsel (ECF No. 1081) is DENIED.

DATED this ___5___ day of December, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge